1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    CURTIS LEE HENDERSON, SR.,              Case No. 1:20-cv-01199-SKO (PC)

12                    Plaintiff,              **FINDINGS AND RECOMMENDATIONS
                                              TO DENY PLAINTIFF'S MOTION FOR
13          v.                                TEMPORARY RESTRAINING ORDER**

14    S. CASTILLO, JR., et al.,               (Doc. 4)

15                    Defendants.             14-DAY DEADLINE

16                                            Clerk of the Court to Assign a District Judge

17          Before the Court is Plaintiff's motion for a temporary restraining order (TRO). (Doc. 4.)

18    For the reasons set forth below, the Court recommends that the motion be denied.

19    **I.     BACKGROUND**

20          Plaintiff initiated this action on August 25, 2020. (Doc. 1.) Because Plaintiff is

21    incarcerated and sues government officials, his complaint is subject to screening pursuant to 28

22    U.S.C. § 1915A. The Court has not yet screened the complaint and no defendants have made a

23    general appearance in this case.

24          On September 8, 2020, Plaintiff filed the instant motion, requesting that the Court order

25    prison officials at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF) to

26    place Plaintiff "on single cell status and … refrain from … retaliation or activities that violate the

27    constitution." (Doc. 4.) The Court ordered the California Attorney General's Office to specially

28    appear on behalf of Defendants for the purpose of responding to Plaintiff's motion. (Doc. 10.)

1    Defendants filed a response on October 28, 2020. (Doc. 11). Plaintiff filed a reply on November

2    12, 2020. (Doc. 13.)

3    **II.    DISCUSSION**

4           "A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter*

5    *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a

6    preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

7    suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

8    favor, and that an injunction is in the public interest." *Id.* at 20.

9           In addition, a "federal court may issue an injunction [only] if it has personal jurisdiction

10   over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

11   rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

12   "[A]n injunction must be narrowly tailored 'to affect only those persons over which it has power,'

13   … and to remedy only the specific harms shown by the plaintiffs, rather than 'to enjoin all

14   possible breaches of the law.'" *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004)

15   (quoting *Zepeda*, 753 F.2d at 727, 728 n.1).

16          Defendants contend that the instant motion is moot because, since its filing, SATF

17   officials have placed Plaintiff on single-cell status for a minimum period of six months. (Doc. 11

18   at 3.) According to the supporting declaration of J. Moreno, a correctional counselor at SATF,

19   Plaintiff participated in a "Unit Classification Committee" proceeding on October 21, 2020,

20   during which Plaintiff was placed on provisional single-cell status, which will be reevaluated

21   after six months. (*Id.* at 7-8.) Plaintiff does not dispute that he is now on single-cell status. (*See*

22   Doc. 13 at 1-3.)

23          Given the above, the Court agrees that Plaintiff's request for single-cell status is now

24   moot. In his reply, Plaintiff rejects the contention that his motion is moot because the rules

25   violation report at issue in this lawsuit "has not been expunged and plaintiff is still in a cell that is

26   not ADA compliant." (*Id.* at 2.) However, by denying Plaintiff's TRO, the Court does not reach

27

28   ───────────────
[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)) (citation omitted).

the merits of Plaintiff's claims in this action. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The Court only finds that the "extraordinary remedy" of a preliminary injunction is not necessary to preserve the relative positions of the parties, since Plaintiff's request for single-cell status has already been granted for a minimum of six months. The Court does not reach the merits of Plaintiff's retaliation, deliberate indifference, or other claims raised in his complaint.

The Court further finds that Plaintiff's remaining request—that the Court order Defendants to "refrain from … retaliation or activities that violate the constitution"—is not narrowly tailored. As explained above, "an injunction must be narrowly tailored … to remedy only the specific harms shown by the plaintiff[], rather than 'to enjoin all possible breaches of the law.'" *Price*, 390 F.3d at 1117 (citation omitted). Unlike his first, specific request for single-cell status, Plaintiff's second, catch-all request appears to seek an order that "enjoin[s] all possible breaches of the law." *Zepeda*, 753 F.2d at 728 n.1. The Court does not have such broad authority.[2]

## III.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Plaintiff's motion for a temporary restraining order (Doc. 4) be DENIED. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

_____

[2] Though the Court finds that a temporary restraining order is not warranted, the Court notes that, if Defendants retaliate against Plaintiff for litigating this action or engaging in other protected activity, Plaintiff would have grounds for initiating a new civil rights action.

1    Failure to file objections within the specified time may result in waiver of rights on

2  appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

3  F.2d 1391, 1394 (9th Cir. 1991)).

4

IT IS SO ORDERED.

5

6  Dated:   **November 23, 2020**                              /s/ *Sheila K. Oberto*

7                                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28