1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>S. CASTILLO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01199-AWI-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS** (Doc. 34)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** (Doc. 35)<br><br>**ORDER DENYING PLAINTIFF'S "CROSS-MOTION FOR SUMMARY JUDGMENT"** (Doc 37)<br><br>**ORDER FINDING PLAINTIFF'S "NOTICE OF PENDING ISSUES" MOOT** (Doc. 42) |

Pending before the Court are Defendants' Motion to Dismiss filed August 26, 2021 (Doc. 34), Plaintiff's Motion for Default Judgment filed September 3, 2021 (Doc. 35), Plaintiff's "Cross Motion for Summary Judgement and Opposition to Defendants Motion for Partial Dismiss[al] of the Complaint" filed September 9, 2021 (Doc. 37), and Plaintiff's "Notice of Pending Issues" filed February 24, 2022 (Doc. No. 42). The Court will address each in turn.

## I.    *Defendants' Motion to Dismiss (Doc. 34)*

Defendants seek dismissal of Plaintiff's claim under California's Bane Civil Rights Act against Defendants in their individual capacities, on the basis Plaintiff did not allege timely and proper compliance with the claim presentation provisions of California's Government Claims Act. (Doc. 34-1 at 1-2.) Defendants argue Plaintiff did not allege compliance with the claim requirements, there is no record of Plaintiff filing a state claim against Defendants, and because more than one year has passed following the event giving rise to Plaintiff's claim, Plaintiff is barred from seeking tort relief under state law as granting leave to amend would be futile. (Doc. 34-1 at 2-4.)

1    Plaintiff opposes the motion to dismiss by asserting Defendants' pleading is "actually" a

2    motion for summary judgment that must be denied because Defendants failed to include a *Rand*

3    notice and Defendants' motion "does not raise any factual dispute for trial" nor does it raise any

4    "'well-researched response' that disputes" his complaint. (Doc. 37 at 4.) Plaintiff contends

5    Defendants' motion serves to "create a delay, and harasses this pro se litigant with frivolous paper

6    work." (Doc. 37 at 5.)

7                           Relevant Procedural Background

8    On March 15, 2021, the Court screened Plaintiff's complaint. Magistrate Judge Sheila K.

9    Oberto found Plaintiff stated cognizable deliberate indifference and Bane Act claims against

10   Defendants Castillo and Tyler in their individual capacities; the remainder of Plaintiff's claims

11   were found to be not cognizable. Plaintiff was directed to file a first amended complaint or to

12   notify the court of his desire to proceed only on the claims found cognizable.  (Doc. 20.) On April

13   15, 2021, Plaintiff filed a notice to proceed on the cognizable claims. (Doc. 23.) Service was

14   subsequently executed (Doc. 28), and Defendants ultimately filed the instant motion on August

15   26, 2021. (Doc. 34.)

16                              Factual Background

17   Plaintiff's claims stem from incidents at Substance Abuse Treatment Facility and State

18   Prison, Corcoran (SATF). (Doc. 1 at 1.) Plaintiff has "severe disabilities," and he uses a "walker

19   and wheelchair for mobility." (*Id.* at 3.) In addition, he wears a patch over one eye due to

20   diplopia, and he wears adult diapers due to incontinence. (*Id.*) Plaintiff states that he has been the

21   "victim of sexual abuse … and physical violence by a cell partner." (*Id.*) Because of this, Plaintiff

22   has been housed in single-person cell for two years. (*Id.*) Plaintiff's doctor has recommended

23   continuation of his single-cell status. (*Id.* at 4.)

24   On July 26, 2020, Defendant Correctional Officer Castillo told Plaintiff that he would

25   need to "double cell[]" or be issued a rules violation report (RVR). (Doc. 1 at 3.) Plaintiff told the

26   officer about his disabilities, though Castillo "already had prior knowledge" of his disabilities and

27   related accommodations. (*Id.*) Plaintiff also provided Castillo with "the memorandum … by the

28   director … clarifying the obligation of staff to consider the vulnerability of inmates with medical

2

conditions who need single-cell status." (*Id.*) Nevertheless, Plaintiff was issued and convicted of an RVR. (*Id.*) At the hearing on the RVR, Plaintiff "explained … everything" to the hearing officer, Defendant Correctional Lieutenant Tyler, but to no avail. (*Id.* at 4.) Tyler told Plaintiff that he would "be written up again if" he refused to take a cellmate.

Plaintiff states that the "rules violation was retaliation for … protected conduct." (Doc. 1 at 4.) He alleges that, as a result of the RVR conviction, he lost 61 days of good-time credits and 30 days of yard privileges "to chill or silence" him. (*Id.*) He further alleges that the defendants retaliated "to disrupt litigation in a pending case." (*Id.*)

Applicable Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true allegations that contradict matters properly subject to judicial notice). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d at 998 (citation omitted). In addition, the Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989).

1              Request for Judicial Notice

2          "[A]s a general rule, a district court may not consider any material beyond the pleadings

3    in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

4    2001). However, a court may consider matters of judicial notice when ruling on a motion to

5    dismiss without converting the motion into a motion for summary judgment. *Id.* Judicial notice

6    under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not

7    subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute"

8    if it is "generally known" or "can be accurately and readily determined from sources whose

9    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court may, therefore,

10   "'take judicial notice of matters of public record outside the pleadings' and consider them for

11   purposes of [a] motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.

12   1988).

13         Defendants ask the Court to take judicial notice of the absence of any government claim

14   filed by Plaintiff by virtue of the Declaration of Abigail Navarro executed August 19, 2021. (Doc.

15   34-2.) Plaintiff's opposition to Defendants' motion to dismiss does not address Defendants'

16   request for judicial notice. (Doc. 37.)

17         More particularly, Navarro declares: (1) she is a senior legal analyst with the Correctional

18   Law Section (CLS) at the Office of the Attorney General (AGO); (2) the AGO operates in

19   conjunction with the Government Claims Program (GCP) within the Department of General

20   Services in review of government claims; (3) she is familiar with how the GCP operates and

21   maintains its records in its Standardized Insurance Management System (SIMS) computer

22   database; (4) CLS has direct read-only access and permission to download records in GCP's

23   SIMS database; (5) she has been trained by GCP's staff concerning access of the documentation;

24   (6) serves as a custodian of records maintained by GCP and accessed by CLS; (7) is authorized to

25   verify records maintained with GCP's SIMS database; and that (8) a diligent search revealed she

26   was "unable to locate any claims that have been filed with, or presented to, the GCP that match"

27   the date of the incident, July 26, 2020, and Curtis Lee Henderson, Sr. (Doc. 34-2 at 4.)

28         Included with Defendants' request is a "Certification of Access to GCP's Computer

                                        4

1   Database" executed by Nicholas Wagner, Staff Services Manager, Government Claims Program,

2   Office of Risk and Insurance Management, California Department of General Services, wherein

3   he attests that the GCP has granted direct read-only access to the AGO and permits downloading

4   of GCP records. Wagner attests all computer database entries are made by GCP staff in the

5   ordinary course of GCP's business, and the database is reliably used to store and maintain the

6   GCP's government claims records and to produce printouts of those records. (Doc. 34-2 at 5.)

7        A review of Exhibit 1 reveals Navarro's declaration that Plaintiff did not file a claim is a

8   fact not subject to reasonable dispute as Navarro's sources – the GCP's SIMS computer database

9   and its records maintained thereon - are accurate and cannot reasonably be questioned as a matter

10  of public record. *Buckelew v. Gore*, No. 20-cv-00158-WQH-JLB, 2020 WL 418166 at *15 (S.D.

11  Cal. Jul. 21, 2020) ("The Court finds that the absence of any government claim filed by Plaintiff

12  against Defendants in the County of San Diego's claims records is a matter of public record that

13  is not reasonably subject to dispute).

14       Accordingly, Defendants' request for judicial notice is granted.

15                     Discussion

16       Initially, the Court notes Plaintiff's characterization that Defendants' motion to dismiss is

17  "actually" a summary judgment motion is erroneous. Defendants plainly move for partial

18  dismissal under Rule 12(b)(6) rather than Rule 56. Hence, despite Plaintiff's assertion to the

19  contrary, a *Rand* warning is not required.

20       In his complaint, Plaintiff alleged a violation of the "Tom Bane Civil Rights Act § 52.1."

21  As to that claim, Plaintiff claimed only that he had exhausted his administrative remedies

22  available at the institution.[1] (Doc. 1 at 5.) Following screening of Plaintiff's complaint, and

23  relevant to this motion, the Court found Plaintiff had stated a cognizable Bane Act claim. (Doc.

24  20 at 7-8.)

25

26  [1] The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. *McCoy v. Torres*,

27  No. 1:19cv01023-NONE-JLT (PC), 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 1:19cv01023-NONE-JLT (PC), 2021 WL 111748 (E.D. Cal.

28  Jan. 12, 2021) (citing *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

1    The California Bane Civil Rights Act (Bane Act) provides a cause of action when "a

2    person interferes by threat, intimidation, or coercion, or attempts to interfere by threat,

3    intimidation, or coercion, with the exercise or enjoyment by any individual … of rights secured

4    by the Constitution," the California Constitution, or other federal or state laws. Cal. Civ. Code §

5    52.1(a)-(b).

6    The California Government Claims Act requires that a tort claim against a public entity or

7    its employees be presented to the California Victim Compensation and Government Claims

8    Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910,

9    911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim

10   are conditions precedent to suit. *State v. Superior Ct. of Kings County (Bodde)*, 32 Cal. 4th 1234,

11   1239 (2004).  However, "[t]imely claim presentation is not merely a procedural requirement, but

12   is . . . a condition precedent to a plaintiff maintaining an action against [a public entity] and thus

13   [is] an element of the plaintiff's cause of action."  *Shirk v. Visalia Unified Sch. Dist.*, 42 Cal.4th

14   201, 209 (2007); *see DiCampli-Mintz v. County of Santa Clara*, 55 Cal.4th 983, 991 (2012).  The

15   "failure to timely present a claim for money or damages to a public entity bars a plaintiff from

16   filing a lawsuit against that entity." *Bodde*, 32 Cal.4th at 1239; *Karim-Panahi v. L.A. Police Dep*

17   *'t*, 839 F.2d 621, 627 (9th Cir. 1988). This requirement applies to both individual and official

18   capacity claims against employees of public entities. *See* Cal. Gov't Code § 950.2.

19   Further, to state a tort claim against a public employee, a plaintiff must also allege

20   compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; *Bodde*, 32 Cal. 4th at

21   1244. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement

22   subjects a complaint to [dismissal] for failure to state a cause of action." *Bodde*, 32 Cal. 4th at

23   1239; *see also Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441,

24   446–47 (2004) (state claims may also be dismissed if the allegations in the complaint are not

25   fairly reflected in the state tort claim). The requirement that a plaintiff must affirmatively allege

26   compliance with the Government Claims Act applies to state law claims brought in federal court.

27   *Karim-Panahi*, 839 F.2d at 627.

28   Here, Plaintiff purports to raise a state law claim against a correctional lieutenant and a

6

1  correctional officer employed at SATF, each of whom is covered by the Government Claims Act.

2  The complaint, however, does not assert compliance nor does it allege facts demonstrating

3  Plaintiff complied with the tort claims act prior to asserting his state law claim against

4  Defendants. Nor has Plaintiff addressed the required compliance in any way in his opposition to

5  Defendants' motion (Doc. 37). Plaintiff's failures in this regard bar recovery and subject his claim

6  to dismissal. *Bodde*, 32 Cal. 4th at 1239; *Karim-Panahi*, 839 F.2d at 627. Simply put, Plaintiff

7  has not complied with the Government Claims Act.

8  Further, while the Court might otherwise permit Plaintiff to amend his complaint to

9  sufficiently show he complied with the Government Claims Act or was otherwise excused from

10  compliance, Defendants contend such amendment would be futile and dismissal of the claim is

11  appropriate.

12  Plaintiff's claim arose from acts that occurred on July 26, 2020. Plaintiff was required to

13  present a claim within six months of that date. He did not do so. (*See* Doc. 34-2, Ex. 1.)

14  Moreover, there exists a one-year deadline to submit a written application with the Board for

15  leave to present a late claim. That deadline in Plaintiff's case was July 26, 2021. There is no

16  indication Plaintiff sought such leave.[2]  Thus, Plaintiff is now precluded from seeking leave to

17  present a late claim. *See Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district

18  court may deny leave to amend when amendment would be futile").

19  In sum, Plaintiff has not complied with the Government Claims Act by presenting a claim

20  within six months of the accrual of his cause of action against Defendants, nor can he seek leave

21  to present a late claim given the passage of more than 18 months beyond the one-year deadline

22  for doing so. As a result, granting Plaintiff leave to amend his complaint to allege compliance

23  with the Government Claims Act requirements would be. The Court will grant Defendants'

24  partial motion to dismiss as to Plaintiff's state law claim. *Karim-Panahi*, 839 F.2d at 627.

25

26

---

27  [2] The authority to grant judicial relief from the claim presentation requirements is reserved to the California Superior Courts. *See* Cal. Gov. Code § 946.6; *Gogol v. Tafoya*, 2021 U.S. Dist. LEXIS

28  18995, *16-*17 (E.D. Cal. Jan. 29, 2021); *Hill v. City of Clovis*, 2012 U.S. Dist. LEXIS 32001, *35-*38 (E.D. Cal. Mar. 9, 2012).

1

## II.    *Plaintiff's Motion for Default Judgment (Doc. 35)*

Plaintiff claims he is entitled to default judgment because Defendants "are in default for failure to file a responsible pleading to the complaint." (Doc. 35 at 2.) More particularly, Plaintiff argues Defendants were originally ordered to file a responsive pleading on or before June 28, 2021. (*Id.*) Defendants received a 60-day extension of time to August 27, 2021, to file a responsive pleading, but failed to do so. (*Id.*) Plaintiff states his letter to defense counsel attempting to "meet and confer on common grounds to reach a settlement agreement" was ignored. (*Id.*)

Defendants filed an opposition to Plaintiff's motion on September 9, 2021.  Defendants argue Plaintiff's motion is subject to denial on procedural and factual grounds. Specifically, Defendants assert Plaintiff was required to obtain a clerk's entry of default prior to moving for default judgment, and because he has failed to do so his motion should be denied. (Doc. 36 at 2.) Further, Defendants argue they filed a timely responsive pleading in the form of their partial motion to dismiss dated August 26, 2021. Thus, because Defendants timely filed a responsive pleading, there is no basis upon which to issue default judgment. (*Id.*)

### Applicable Legal Standards

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (holding that default cannot be entered if the defendant has filed a response indicating its intent to defend the action).  Once default has been entered, the plaintiff may apply to the Court for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Obtaining a default judgment is a "two-step process," consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); accord *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009).

<u>Discussion</u>

First, Plaintiff has not sought a clerk's entry of default as required. Fed. R. Civ. P. 55(a); *Eitel*, 782 F.2d at 1471. Because Plaintiff has failed to comply with the first step of the requirements for obtaining default judgment, he is not entitled to default judgment.

Second, Defendants have not "failed to plead or otherwise defend" against Plaintiff's complaint. On April 19, 2021, the Court issued its order finding service of the complaint appropriate and directing e-service on Defendants. (Doc. 24.) Waivers of service were returned executed on May 14, 2021. (Doc. 28.) An answer or motion under Rule 12 was to be filed no later than June 28, 2021. (*Id.*) On June 18, 2021, Defendants sought a 60-day extension of time within which to respond to the complaint; the Court granted the extension of time to and including August 27, 2021. (Docs. 32, 33.) Defendants filed a motion to partially dismiss the complaint on August 26, 2021. (Doc. 34.) Because Defendants have appeared in this action by way of filing a timely partial motion to dismiss, the Court cannot find that Defendants have failed to defend this action.

For the foregoing reasons, under Rule 55, Plaintiff is not entitled to entry of default or default judgment against Defendants and his motion will be denied.

### III.    *Plaintiff's "Cross-Motion for Summary Judgment" (Doc. 37)*

As noted above, Plaintiff filed a "Cross Motion for Summary Judgement and Opposition to Defendants Motion for Partial Dismiss[al] of the Complaint" on September 9, 2021. (Doc. 37.) Plaintiff contends Defendants "do not dispute the facts in the complaint" and he seeks judgment be entered in his favor in the sum of $75,000, the expungement of rule violation report log number 7018980, and restoration of all credits. (Doc. 37 at 1.) Plaintiff provides a "Statement of Undisputed Facts" at pages 2 and 3 of his filing, before concluding, "Defendants due not dispute any grounds for relief that are in the complaint. Therefore, no issues exist for trial and as a mater of law plaintiff is intitled to summary judgment in his favor." (Doc. 37 at 3.)

Defendants filed an opposition to Plaintiff's summary judgment motion. (Doc. 39.) In their opposition, Defendants contend Plaintiff's motion is procedurally deficient as Plaintiff failed

1   to support his factual position with citation to admissible evidence subjecting the motion to

2   dismissal. (Doc. 39 at 2-3.) Additionally, Defendants assert there is no merit to Plaintiff's claim

3   that Defendants have admitted the truth of the allegations of Plaintiff's complaint where

4   Defendants have not yet filed an answer to the complaint. (*Id.* at 3.) Further, Defendants contend

5   Plaintiff's motion should be denied because it is premature because, in light of their pending

6   motion to dismiss, "the case is not at issue and the scope of Plaintiff's claims and the issues

7   remain unknown." (*Id.* at 3.) Lastly, Defendants assert that because Plaintiff's motion lacks

8   citation to any admissible evidence, where the record does not contain such evidence, Defendants

9   did not file a statement of undisputed facts accompanying their opposition as none is required in

10  this instance. (*Id.* at 3-4.)

11                          Applicable Legal Standards

12          Summary judgment is appropriate when the moving party "shows that there is no genuine

13  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

14  Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine

15  issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing

16  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by

17  "citing to particular parts of materials in the record, including depositions, documents,

18  electronically stored information, affidavits or declarations, stipulations . . ., admissions,

19  interrogatory answers, or other materials," or by showing that such materials "do not establish the

20  absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

21  evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears

22  the burden of proof at trial, "the moving party need only prove that there is an absence of

23  evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

24  477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

25          Summary judgment should be entered against a party who fails to make a showing

26  sufficient to establish the existence of an element essential to that party's case, and on which that

27  party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

28  proof concerning an essential element of the nonmoving party's case necessarily renders all other

1    facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

2    "so long as whatever is before the district court demonstrates that the standard for the entry of

3    summary judgment . . . is satisfied." *Id.* at 323.

4                     <u>Discussion</u>

5        Initially, the Court finds Plaintiff's motion is not a "cross" motion in the sense that

6    Defendants did not file a motion for summary judgment.  Rather, pursuant to Rule 12(b)(6),

7    Defendant moved to dismiss Plaintiff's Bane Act claim. As noted above, Defendants' motion is a

8    proper response.

9        Moreover, given the procedural posture of this case, summary judgment is premature.

10    Plaintiff's motion for summary judgment asserts there are no genuine issues of material fact, yet

11    Plaintiff, as the moving party, provides no citation to materials developed in the record (e.g.,

12    depositions, documents, electronically stored information, affidavits or declarations, stipulations,

13    admissions, interrogatory answers) establishing the absence of a genuine dispute. Fed. R. Civ. P.

14    56(c)(1)(A), (B). Nor could he where discovery has not yet commenced.

15        Plaintiff's motion for summary judgment, while inclusive of a statement of undisputed

16    facts, is devoid of any supporting documentation and offers only unsupported legal conclusions.

17    (Doc. 37.) Plaintiff has not met his burden as moving party and is not entitled to summary

18    judgment. Fed. R. Civ. P. 56(c)(1)(A), (B). Hence, Plaintiff's motion will be denied.

19        ***IV.***     ***Plaintiff's Notice of Pending Issues (Doc. 42)***

20        On February 24, 2022, Plaintiff filed a document entitled "Plaintiff's Notice of Pending

21    Issues" (Doc. 42) wherein he states Defendants' motion to dismiss and his opposition thereto

22    "have been pending in this court for more than 180 days" and that because he has a duty to

23    prosecute the case, Plaintiff "hereby gives such notice and request the court deny defendants

24    motion and grant plaintiff's opposition." (Doc. 42 at 2.)

25        Because the Court has now addressed Defendants' pending motion for partial dismissal,

26    Plaintiff's "notice and request" is moot.

27    //

28    //

1

**ORDER**

2      Accordingly, IT IS HEREBY ORDERED that:

3     1.   Defendants' Motion to Dismiss (Doc. 34) is GRANTED and Plaintiff's state law claim

4        is dismissed with prejudice;

5     2.   Plaintiff's Motion for Default Judgment (Doc. 35) is DENIED;

6     3.   Plaintiff's "Cross-Motion for Summary Judgment" (Doc. 37) is DENIED; and

7     4.   Plaintiff's "Notice of Pending Issues" (Doc. 42) is now MOOT.

8

9 IT IS SO ORDERED.

10 Dated:   March 9, 2022                 _____

                               SENIOR  DISTRICT  JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28