UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> S. CASTILLO, et al., <br><br> Defendants. | Case No. 1:20-cv-01199-AWI-SKO (PC) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER** <br><br> (Doc. 58) |

Plaintiff Curtis Lee Henderson, Sr., is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 8, 2022, Defendants S. Castillo and N. Tyler filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 58.) Although the time for Plaintiff's response has not yet passed, *see* Local Rule 230(l), the Court deems one unnecessary because it finds good cause to grant Defendants' motion.

**DISCUSSION & ORDER**

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation & internal quotation marks omitted). District courts also have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988).

The Court issued its Discovery and Scheduling Order on April 25, 2022. (Doc. 51.) The following deadlines were included:

    Exhaustion Motion Deadline – 7/25/2022

    Deadline to Amend Pleadings – 8/23/2022

    Discovery Cut-Off Date – 9/25/2022

    Dispositive Motion Deadline – 11/28/2022

(*Id*. at 1, 3.)

Defendants seek an extension of the discovery cut-off and dispositive motion filing deadlines. (Doc. 58.) Defendants contend their pending motion for summary judgment for a failure to exhaust administrative remedies could dispose of the case in its entirety, if the Court determines that Plaintiff's failed to exhaust those remedies prior to filing suit,[1] making discovery and a dispositive motion moot. (Doc. 58-1 at 1-2.) Defendants contend "absent an imminent order" on their pending motion for a failure to exhaust administrative remedies, Defendants will be forced to bear costs associated with propounding discovery and deposing Plaintiff "even though such discovery on the merits of the Complaint may become entirely unnecessary." (*Id*. at 3.) Defendants further contend extending the discovery cut-off and dispositive motion filing deadlines will not unnecessarily prejudice Plaintiff and that the interests of judicial economy warrant the requested modification. (*Id*.) Defendants' motion is supported by defense counsel's declaration. (Doc. 58-2 [Amber N. Wipfler].)

Given this Court's heavy caseload, and the pending prisoner motions on the undersigned's docket, determination of Defendants' pending summary judgment motion for a failure to exhaust administrative remedies is not imminent and is unlikely to be issued prior to the scheduled deadline for the filing of dispositive motions. The Court agrees that judicial economy warrants an extension of the deadlines, and that Plaintiff will not be unnecessarily prejudiced by the extensions.

//

---

[1] Defendants' motion for summary judgment for a failure to exhaust administrative remedies was deemed submitted with the filing of their reply to Plaintiff's opposition on July 21, 2022. (See Docs. 54-56.).

Good cause appearing, Defendants' motion (Doc. 58) is **GRANTED**. The deadline for completing all discovery is extended to **60 days following** the issuance of a decision on the pending motion for summary judgment for a failure to exhaust administrative remedies, and the deadline for filing dispositive motions is extended to **120 days following** the issuance of a decision on the pending motion for summary judgment for a failure to exhaust administrative remedies, if applicable.

IT IS SO ORDERED.

Dated:   **September 13, 2022**           /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE