1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE HENDERSON, SR.,

　　　　　　Plaintiff,

　　v.

S. CASTILLO, et al.,

　　　　　　Defendants.

Case No. 1:20-cv-01199-AWI-SKO (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR A FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

(Doc. 53)

**14-DAY OBJECTION PERIOD**

Plaintiff Curtis Lee Henderson, Sr., is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.　　PROCEDURAL BACKGROUND

Plaintiff initiated this action on August 25, 2020. (Doc. 1.)  On September 8, 2020, Plaintiff filed a motion for temporary restraining order. (Doc. 4.) Plaintiff sought an order directing he be placed on single cell status due to his disabilities. (*Id*. at 3-4.)

On October 14, 2020, the Court issued its Order Directing Special Appearance on Behalf of Defendants and Response to Plaintiff's Motion for Temporary Restraining Order. (Doc. 10.)

On October 28, 2020, Defendants filed a response to Plaintiff's Request for Temporary Restraining Order was filed with the Court (Doc. 11), and on November 12, 2020, Plaintiff filed a reply (Doc. 13). On November 19, 2020, Plaintiff filed "Plaintiff's Supplemental

1   Motion/Declaration in Support of TRO." (Doc. 14.)

2   On November 24, 2020, the undersigned issued Findings and Recommendations to Deny

3   Plaintiff's Motion for Temporary Restraining Order. (Doc. 16.) As the Court noted, Plaintiff's

4   request for single cell status was moot in light of his having been placed on provisional single-cell

5   status as of October 21, 2020. (*Id*. at 2.) The Court rejected Plaintiff's contention that the request

6   was not moot "because the rules violation report at issue in this lawsuit 'has not been expunged

7   and plaintiff is still in a cell that is not ADA compliant,'" noting that "the Court does not reach

8   the merits of Plaintiff's claims in this action." (*Id*. at 2-3.) The Court found that "the

9   'extraordinary remedy' of a preliminary injunction is not necessary to preserve the relative

10   positions of the parties, since Plaintiff's request for single-cell status has already been granted for

11   a minimum of six months," and that the Court "need not reach the merits of Plaintiff's retaliation,

12   deliberate indifference, or other claims raised in his complaint." (*Id*. at 3.)

13   On December 3, 2020, Plaintiff filed a motion to amend the complaint. (Doc. 17.)  On

14   December 29, 2020, Plaintiff filed objections to the November 2020 findings and

15   recommendations and requested the Court take judicial notice of his "supplemental information."

16   (Doc. 18.)  Judge Anthony W. Ishii issued an Order Adopting Findings and Recommendations

17   and Denying Plaintiff's Motion for a Temporary Restraining Order on January 6, 2021. (Doc. 19.)

18   On March 15, 2021, the Court issued its Order Directing Plaintiff to File a First Amended

19   Complaint or Notify the Court of His Desire to Proceed Only on Claims Found Cognizable. (Doc.

20   20.) Plaintiff was given 21 days within which to do so. (*Id.* at 10-11.)  On April 15, 2021,

21   Plaintiff filed his notice to proceed on the cognizable claims. (Doc. 23.)

22   On April 19, 2021, the Court issued its order Finding Service Appropriate and Directing

23   Service. (Doc. 24.) The Court ordered the case to proceed on Plaintiff's original complaint for

24   Plaintiff's claims of deliberate indifference to health and safety and for claims under the Bane

25   Act, against Defendants Castillo and Tyler. (*Id*. at 1-2.)

26   On April 20, 2021, the undersigned issued Findings and Recommendations,

27   recommending Defendant Flores be dismissed, and that Plaintiff's complaint be dismissed except

28   for the deliberate indifference claims under section 1983 and the claim under the Bane Act

2

1   against Defendants Castillo and Tyler in their individual capacities. (Doc. 26.)

2   On May 20, 2021, Judge Ishii issued an Order Adopting those findings in full. (Doc. 29.)

3   Defendant Flores was dismissed, and Plaintiff's claim were dismissed except for the claims

4   against Defendants Castillo and Tyler in their individual capacities for deliberate indifference to

5   health or safety under 42 U.S.C. § 1983 and violations of the Bane Act. (*Id.* at 2.)

6   Following service of Plaintiff's complaint, on August 26, 2021, Defendants Castillo and

7   Tyler filed a Motion to Partially Dismiss the Complaint, contending Plaintiff's Bane Act claim

8   was barred under California's Government Claims Act. (Doc. 34.) On September 3, 2021,

9   Plaintiff filed a Motion for Default Judgment (Doc. 35), which was opposed by Defendants. (Doc.

10  36).

11  On September 9, 2021, Plaintiff filed a "Cross Motion for Summary Judgment and

12  Opposition to Defendants Motion for Partial Dismissle [sic] of the Complaint." (Doc. 37.)

13  Defendants filed a reply to Plaintiff's opposition to dismiss the Bane Act claim on September 20,

14  2021 (Doc. 38) and on September 30, 2021, Defendants filed their opposition (Doc. 39). On

15  October 18, 2021, Plaintiff filed his "Objection to Defendants Opposition to Plaintiff's Motion for

16  Summary Judgment." (Doc. 40.)  During the pendency of the motions, Plaintiff filed "Plaintiff's

17  Notice of Pending Issue(s)" on December 8, 2021 (Doc. 41) and "Plaintiff's Notice of Pending

18  Issues" on February 24, 2022 (Doc. 42).

19  On March 10, 2022, Judge Ishii issued his Order Granting Defendants' Partial Motion to

20  Dismiss, Order Denying Plaintiff's Motion for Default Judgment, Order Denying Plaintiff's

21  "Cross-Motion for Summary Judgment," and Order Finding Plaintiff's "Notice of Pending

22  Issues" Moot. (*See* Doc. 43.)

23  On March 21, 2022, Defendants Castillo and Tyler filed their answer to the complaint.

24  (Doc. 44.)

25  On March 21, 2022, Plaintiff filed a "Notice of Appeal in Good Faith," challenging the

26  dismissal of his Bane Act claim. (Doc. 46.) On April 21, 2022, in its Case No. 22-15427, the

27  Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for a lack of jurisdiction. (Doc. 50;

28  *see also* Doc. 52 [Mandate].) On April 25, 2022, the Court issued its Discovery and Scheduling

3

1  Order. (Doc. 51.)

2      On June 17, 2022, Defendants filed the instant Motion for Summary Judgment for Failure

3  to Exhaust Administrative Remedies. (Doc. 54.) Plaintiff filed an opposition on July 8, 2022

4  (Doc. 55), and Defendants filed a reply on July 21, 2022 (Doc. 55). On August 4, 2022, Plaintiff

5  filed "Plaintiff's Opposition to Defendants Reply in Support of Motion for Summary Judgment."

6  (Doc. 57.)

7      **II.      SUMMARY OF FACTS**

8          ***Plaintiff's Allegations***

9      Plaintiff's claims stem from incidents at Substance Abuse Treatment Facility and State

10  Prison, Corcoran (SATF). (Doc. 1 at 1.) Plaintiff contends he has "severe disabilities," and uses a

11  "walker and wheelchair for mobility." (*Id.* at 3.) In addition, Plaintiff asserts he wears a patch

12  over one eye due to diplopia, and he wears adult diapers due to incontinence. (*Id.*) Plaintiff states

13  that he has been the "victim of sexual abuse … and physical violence by a cell partner." (*Id.*) As a

14  result, Plaintiff has been housed in single-person cell for two years. (*Id.*) Plaintiff's doctor has

15  recommended continuation of his single-cell status. (*Id.* at 4.)

16      Plaintiff contends that on July 26, 2020, Defendant Castillo told Plaintiff that he would

17  need to "double cell[]" or be issued a rules violation report (RVR). (Doc. 1 at 3.) Plaintiff told the

18  officer about his disabilities, though Castillo "already had prior knowledge" of his disabilities and

19  related accommodations. (*Id.*) Plaintiff contends he also provided Castillo with "the memorandum

20  … by the director … clarifying the obligation of staff to consider the vulnerability of inmates

21  with medical conditions who need single-cell status." (*Id.*) Plaintiff was nonetheless issued and

22  convicted of an RVR. (*Id.*) At the hearing on the RVR, Plaintiff asserts he "explained …

23  everything" to the hearing officer, Defendant Tyler, to no avail. (*Id.* at 4.) Tyler told Plaintiff that

24  he would "be written up again if" he refused to take a cellmate.

25      Plaintiff contends that the "rules violation was retaliation for … protected conduct." (Doc.

26  1 at 4.) He alleges that, as a result of the RVR conviction, he lost 61 days of good-time credits

27  and 30 days of yard privileges "to chill or silence" him. (*Id.*) Plaintiff further alleges that the

28  defendants retaliated "to disrupt litigation in a pending case." (*Id.*)

### A.  Defendants' Undisputed Facts

Defendants submitted the following as undisputed facts:

1.  Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2.  Plaintiff is housed at the Substance Abuse Treatment Facility and State Prison, Corcoran.

3.  On July 26, 2020, Plaintiff received a Rules Violation Report for refusing a housing assignment.

4.  On August 10, 2020, Plaintiff filed the pending Complaint regarding the July 26, 2020 Rules Violation Report.

5.  An administrative grievance process is and was available to Plaintiff at all times during his incarceration.

6.  The administrative grievance process begins when a claimant submits a written grievance on CDCR Form 601-1 to the Institutional Office of Grievances at the prison where they are housed. The Institutional Office of Grievances thereafter provides the claimant with a written decision regarding the claim, generally within 60 days.

7.  If the Institutional Office of Grievances submits a decision of "identified as staff misconduct," "pending legal matter," or "time expired," then the claimant has exhausted all available administrative remedies within CDCR.

8.  If the Institutional Office of Grievances submits a decision of "denied," "granted," "no jurisdiction," "redirected," "reassigned," or "rejected" [] then the matter must be appealed to CDCR's Office of Appeals before it is deemed exhausted.

9.  Plaintiff did not file any grievances between July 26, 2020 and August 25, 2020.

(Doc. 54-3 at 2-3.)

### III.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

## B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of

1    the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532

2    U.S. 731, 741 (2001).

3         The failure to exhaust administrative remedies is an affirmative defense, which the

4    defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of

5    producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the

6    undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed

7    to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

8         On a motion for summary judgment, the defendant must prove (1) the existence of an

9    available administrative remedy and (2) that the plaintiff failed to exhaust that remedy. *Albino,*

10   747 F.3d at 1172 (citation omitted). If the defendant meets this burden, the plaintiff then "has the

11   burden of production. That is, the burden shifts to the prisoner to come forward with evidence

12   showing that there is something in his particular case that made the existing and generally

13   available administrative remedies effectively unavailable to him." *Id.* (citation omitted).

14   "However, … the ultimate burden of proof remains with the defendant." *Id.* "If a motion for

15   summary judgment is denied, disputed factual questions relevant to exhaustion should be decided

16   by the judge." *Id.* at 1170.

17        An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 578 U.S. 632, 642

18   (2016). An administrative remedy is unavailable "when (despite what regulations or guidance

19   materials may promise) it operates as a simple dead end with officers unable or consistently

20   unwilling to provide any relief to aggrieved inmates"; or when "an administrative scheme [is] so

21   opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to

22   provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when

23   prison administrators thwart inmates from taking advantage of a grievance process through

24   machination, misrepresentation, or intimidation." *Id*. at 643-44.

25        When the district court concludes that the prisoner has not exhausted administrative

26   remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Wyatt v.*

27   *Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), *overruled on other grounds* by

28   *Albino*, 747 F.3d at 1168-69. "If a motion for summary judgment is denied, disputed factual

questions relevant to exhaustion should be decided by the judge." *Albino*, 747 F.3d at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id*. at 1171.

### C.  CDCR Grievance Process

California prisoners may "submit a written grievance to the department containing one or more claims ... to dispute a policy, decision, action, condition, or omission by the department or departmental staff." Cal. Code Regs. tit. 15, § 3481(a). During the time period relevant to this action,[1] the grievance process consisted of two levels of review. Inmates are required to submit a grievance in writing to the Institutional Office of Grievances at the institution where they are housed within sixty days. Cal. Code Regs. tit. 15, § 3482(b)(1). The Office of Grievances is required to issue a written grievance decision within sixty days. Cal. Code Regs. tit. 15, § 3483(g). If the inmate is dissatisfied, they may submit an appeal to the Office of Appeals within sixty days of receiving the Office of Grievance decision. Cal. Code Regs. tit. 15, § 3484(b). In general, an appeal is exhausted when the Office of Appeals issues a final decision. Cal. Code Regs. tit. 15, § 3485(l).

### IV.   EVIDENTIARY MATTERS

Plaintiff has failed to properly respond to Defendants' Statement of Undisputed Facts in support of the motion for summary judgment. Plaintiff was served with a *Rand*[2] warning that included the following language:

> In accordance with Local Rule 260(a), Defendant has filed a Statement of Undisputed Facts that contains discrete, specific material facts to support their entitlement to summary judgment. In response to this Statement, Local Rule 260(b) requires you to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory

---

[1] In 2020, California changed the grievance system from a three-tier system to a two-tier system. The change became effective on June 1, 2020. *See* Cal. Code Regs. tit. 15, § 3480. The events giving rise to the claim at issue occurred in late July 2020, after the change became effective. Any citations to the California Code of Regulations refers to the current version of the law.

[2] *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

1

2

3

4

> answer, admission, or other document relied upon in support of that
> denial." You may also "file a concise Statement of Disputed Facts,
> and the source thereof in the record, of all additional material facts
> as to which there is a genuine issue precluding summary judgment
> or adjudication." *Id.* You are responsible for filing all evidentiary
> documents cited in the opposing papers. *Id.*

5 (Doc. 54-4 at 2.)

6

7

8

9

10

11

12

13

Plaintiff neither reproduced Defendants' itemized facts, nor admitted or denied those facts. (*See* Doc. 55.) Because Plaintiff has not complied with Rule 260(b),[3] the Court deems Plaintiff to have admitted those facts.[4] *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 527 (2006) ("by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); *Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)); *see also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

14

15

16

17

18

19

20

21

Next, this Court's Local Rules provide for a motion, an opposition and a reply. *See* Local Rule 230(l). Nothing in the Local Rules or the Federal Rules that provides for the filing of a sur-reply. The court generally views motions for leave to file a sur-reply with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citation omitted). However, district courts have the discretion to either permit or preclude a sur-reply. *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file a sur-reply where it did not consider new evidence in reply).

22

23

Plaintiff's August 4, 2022 filing (*see* Doc. 57 ["Plaintiff's Opposition to Defendants Reply in Support of Motion for Summary Judgment"]) is a sur-reply. Plaintiff does not have the right to

24

25

26

27

28

---

[3] The Court further observes that Plaintiff failed to reproduce Defendants' statement of undisputed facts, or to admit or deny those facts, in his sur-reply or filing dated August 4, 2022. (*See* Doc. 57.)

[4] In the First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued September 11, 2020, Plaintiff was advised: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified in this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (*See* Doc. 6 at 1.)

1   file a sur-reply, and he did not file a motion seeking leave to file a sur-reply. However,

2   Defendants have not filed an objection to Plaintiff's filing. The Court further notes that

3   Defendants' reply to Plaintiff's opposition of July 8, 2022, noted an administrative error resulting

4   in the inadvertent exclusion of Exhibit A to the Moseley Declaration filed in support of the

5   motion. (*See* Doc. 56 at 3, n.1.) Defendants "resubmitted" Exhibit A with their reply to Plaintiff's

6   opposition and indicated they had no objection to the Court granting Plaintiff "leave to address

7   Exhibit A, should the Court deem it necessary." (*Id.*) The Court will therefore permit and

8   consider Plaintiff's August 4, 2022 filing, or sur-reply.

9         **V.   DISCUSSION**

10       The question before the Court is whether Plaintiff exhausted his administrative remedies

11   regarding his claims of deliberate indifference to health or safety against Defendants Castillo and

12   Tyler.

13       The undersigned finds Defendants have met their initial burden of showing there is no

14   genuine issue of material of fact because there exists an available administrative remedy and

15   Plaintiff failed to exhaust his administrative remedies. (Doc. 54-3 at 2, ¶¶ 5-9 & Doc. 56-1 at 2-3,

16   ¶¶ 5-9.) *See In re Oracle Corp. Sec. Litig.*, 627 F.3d at 387; *Albino*, 747 F.3d at 1172.  The

17   burden therefore shifts to Plaintiff "to come forward with evidence showing that there is

18   something in his particular case that made the existing and generally available administrative

19   remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172.

20       Plaintiff first contends that an undated Third Level Appeal Decision, attached as Exhibit

21   A to his opposition, serves to exhaust his administrative remedies. (*See* Doc. 55 at 2.)[5] However,

22   that decision followed grievance "Local Log No.: SATF-19-01379." (*Id.* at 7.) The Moseley

23   Declaration reveals that "SATF-19-01379" was denied on July 22, 2019. (Doc. 56-1 at 5.)[6] A

24   grievance or appeal that was denied in July 2019 cannot serve to exhaust a claim that arose on

25

26   [5] Plaintiff's opposition largely addresses the merits of his claim, rather than the issue before the Court—
27   whether Plaintiff exhausted his administrative remedies. Therefore, the Court does not address Plaintiff's contentions concerning the merits of his claim.

28   [6] The Court agrees with Defendants the third level response "makes no mention of Defendants or the RVR at issue." (Doc. 56 at 3.)

1    July 26, 2020. In other words, Plaintiff's claim against Defendants Castillo and Tyler pertains to

2    events that began on July 26, 2020—the date Castillo advised Plaintiff he would be double-celled

3    or receive a rules violation report and a subsequent hearing involving Tyler following the

4    issuance of a rules violation report—and although the 2019 grievance (SATF-19-01379)

5    pertained to an earlier request by Plaintiff for single-cell status, that earlier 2019 grievance does

6    not operate to exhaust a later 2020 claim. *See, e.g.*, *Cunningham v. Martinez*, No. 1:19-cv-01508-

7    AWI-EPG (PC), 2021 WL 5054301, *11 (E.D. Cal. Nov. 1, 2021) ("Here, Plaintiff withdrew the

8    grievance voluntarily without getting a formal resolution of his appeal. Plaintiff's own withdrawal

9    of his appeal does not constitute exhaustion of administrative remedies"); *Walker v. Cate*, No.

10   2:10-cv-1093 GEB KJN P, 2011 WL 2963486, *5 (E.D. Cal. July 20, 2011) ("Nor is there any

11   merit to plaintiff's theory that his two grievances should be read together, or that his second

12   grievance should be construed as a 'continuation' of his first grievance. The two matters are

13   unrelated, distinct in time and impact").

14        Plaintiff next contends his administrative remedies were unavailable because the

15   "defendants were informed by Dr. Anthony Hales, Dr. Tariq Rafiq, that [Plaintiff] should be

16   single cell status because his inability to defend himself …" (Doc. 57 at 2.) Plaintiff alleges "no

17   remedy other than this court was available," and he faced retaliation from Defendants and

18   physical sexual assault from other inmates. (*Id*. at 2-3.) Plaintiff states "the CDCR had already

19   informed [him] that he exhausted those remedies." (*Id*. at 3.) He contends "a reasonable person of

20   ordinary firmness would have believed that these prison officials actions communicated a threat

21   not to complain." (*Id*.)

22        Plaintiff has offered no evidence to support his claim of unavailability based on

23   intimidation or retaliation. *Albino*, 747 F.3d at 1172 (plaintiff must come forward with evidence

24   showing there is something in his particular case that made existing and generally available

25   administrative remedies effectively unavailable to him). Plaintiff's assertions that administrative

26   remedies were unavailable to him are mere speculation, and he does not claim he made any effort

27   to file a grievance after the July 2020 incident. *See McClain v. Schoo*, No. 1:19-cv-00900-AWI-

28   BAM (PC), 2021 WL 843463, *5 (E.D. Cal. Mar. 5, 2021) ("Plaintiff may also not rely on pure

1  speculation to demonstrate that his administrative remedies were unavailable"); *see also Stewart*

2  *v. Korsen*, No. CV 10-1144-PHX-JWS (ECV), 2011 WL 13190180, *3 (D. Ariz. Jan. 26, 2011)

3  ("Plaintiff's speculation regarding unavailable remedies or alleged past difficulties with the

4  grievance process are irrelevant when Plaintiff does not even assert that he attempted in any way

5  to grieve the issue … before filing this lawsuit"); *Webster v. Russell*, Case No. 7:16-cv-00487,

6  2018 WL 4515888, at *2 (W.D. Va. Sept. 20, 2018) ("A conclusory allegation of retaliation [to

7  establish unavailability] is not persuasive"); *Battle v. South Carolina Department of Corrections*,

8  No. 9:19-cv-1739-TMC, 2021 WL 4167509, *7 (D. S.C. Sept. 14, 2021) ("The court agrees with

9  the magistrate judge's analysis and is unable to conclude without undue speculation that the

10  remedies of the SCDC grievance process were unavailable to Battle"). Instead, Plaintiff offers

11  excuses[7] for not attempting to file a grievance following the events in July of 2020.

12      In sum, Plaintiff has not shown the grievance process "operates as a simple dead end," or

13  that the process is "so opaque" that is "incapable of use" or unnavigable, or that prison authorities

14  have thwarted its use through "machination, misrepresentation, or intimidation." *Ross v. Blake*,

15  578 U.S. at 642-644. On this record, it is clear the administrative remedies were available to

16  Plaintiff, that Plaintiff regularly used the grievance and appeals process, and he was not thwarted

17  in his efforts to do so.

18      Prisoners are required to exhaust the available administrative remedies prior to filing suit.

19  *Jones v. Bock*, 549 U.S. at 211; *McKinney v. Carey*, 311 F.3d at 1199-1201. Plaintiff did not do

20  so. No grievance or appeal submitted by Plaintiff served to exhaust his claim that Defendants

21  Castillo and Tyler were deliberately indifferent to Plaintiff's health or safety in July 2020. Even

22  viewed in the light most favorable to Plaintiff, the record establishes Plaintiff did not exhaust his

23  administrative remedies as required prior to filing suit. *Albino v. Baca*, 747 F.3d at 1166.

24  Therefore, Defendants are entitled to summary judgment. *See Celotex*, 477 U.S. at 322-323.

25      **VI.    CONCLUSION AND RECOMMENDATIONS**

26

27  ---

[7] One excuse offered by Plaintiff for his failure to exhaust his administrative remedies prior to
filing suit occurred *after* Plaintiff filed his complaint. (*See* Doc. 57 at 2 [referring to the motion

28  for temporary restraining order filed 9/8/20. Further, that motion was denied as moot; no finding
of irreparable harm was made].)

Based on the foregoing, the Court recommends that Defendants' motion for summary judgment for a failure to exhaust administrative remedies (Doc.54) be **GRANTED** and that judgment be entered in favor of Defendants Castillo and Tyler. Plaintiff's complaint should be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 24, 2023**                        /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

13